Alicia R. Kennon (State Bar No. 240569)
Kristin A. Smith (State Bar No. 242643)
**WOOD, SMITH, HENNING & BERMAN LLP**
1401 Willow Pass Road, Suite 700
Concord, California 94520-7982
Phone: 925 222 3400 ♦ Fax: 925 356 8250

Attorneys for Defendants LIBERTY IT SOLUTIONS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KERI KUBOKAWA VOGTMANN, | Case No. 2:21-CV-01912-TLN-KJN |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER FOR PROTECTION OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION** |
| v. | |
| LIBERTY IT SOLUTIONS, LLC.; INSPERITY PEO SERVICES, L.P.; and DOES 1 through 50, inclusive, | The Hon. Kendall J. Newman |
| Defendants. | Action Filed:  October 13, 2021 |
| | Trial Date:  None Set |

1. <u>PURPOSES AND LIMITATIONS</u>

WHEREAS, discovery, both formal and voluntary, in the above-entitled Action may involve the disclosure of Plaintiff Keri Kubokawa Vogtmann's ("Plaintiff") personal information, including but not limited to Plaintiff's private health, medical or employment information, confidential financial information, and other personal, sensitive, or private information that otherwise may be protected from disclosure;

WHEREAS, discovery, from both formal and voluntary sources, in the above-entitled Action may involve the disclosure of Defendant Liberty IT Solutions LLC's ("Defendant") private and/or proprietary business information;

WHEREAS, Plaintiff and Defendant (the "Parties," or individually, a "Party") also desire to protect the privacy and other rights of third-party current and former employees of Defendant;

WHEREAS, the Parties desire to keep all such information, records and/or documents

1  confidential, and for which special protection from both public disclosure and use for any purpose
2  other than this litigation is warranted;

3  WHEREAS, the Parties have agreed that it is necessary to establish common procedures to
4  limit the necessity for objections or subsequent motions seeking to limit discovery and to help
5  facilitate the disposition of any disputes or problems that may arise in connection with discovery or
6  other use of this information;

7  WHEREAS, the Parties desire to cooperate with requests that appear reasonably calculated
8  to lead to the discovery of admissible evidence, including requests for CONFIDENTIAL
9  INFORMATION and CONFIDENTIAL DOCUMENTS in this Action;

10  THEREFORE, the Parties stipulate to the terms of the following Protective Order:

11  2.  **DEFINITIONS**

12  2.1  **CONFIDENTIAL DOCUMENTS**:  As used in this Protective Order,
13  CONFIDENTIAL DOCUMENTS mean every "writing" as defined in Federal Rules of Evidence,
14  rule 1001 and California Evidence Code section 250, whether produced by one of the Parties or by
15  a person or entity who is not a named party to this Action ("non-party"), that contains
16  CONFIDENTIAL INFORMATION as herein defined, *infra*.  CONFIDENTIAL DOCUMENTS
17  do not include writings that are already available to the general public.

18  2.2  **CONFIDENTIAL INFORMATION**: CONFIDENTIAL INFORMATION means
19  information that qualifies for protection under Federal Rule of Civil Procedure 26(c) and all
20  information contained in CONFIDENTIAL DOCUMENTS which is not available to the general
21  public, including but not limited to non-party private information, proprietary business information,
22  confidential medical information (e.g., information supplied in any form, or identifies an individual
23  or subscriber by name and is regarding past, present, or future care, services, or supplies relating to
24  the physical or mental health or condition of Plaintiff, the provision of health care to Plaintiff, or the
25  past, present, or future payment for the provision of health care to Plaintiff, including but not limited
26  to medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes,
27  dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits,
28  checks, notices, and requests, as well as any summaries or compilations thereof) or other information

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

or items that are extremely sensitive/confidential information, or items whose disclosure to Defendant, Plaintiff, or a non-party would create a significant risk of injury to the non-party, Defendant, or Plaintiff; or whose disclosure invades the privacy of the non-party, Plaintiff, or Defendant.

2.3 <u>PROTECTED MATERIAL</u>: As used in this Protective Order, PROTECTED MATERIAL means all CONFIDENTIAL DOCUMENTS and CONFIDENTIAL INFORMATION.

2.4 <u>FINAL DISPOSITION</u>: As used in this Protective Order, FINAL DISPOSITION shall be deemed to be the later of:

a. Dismissal of all claims and defenses in this Action, with or without prejudice; or

b. Final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3. <u>SCOPE</u>

All PROTECTED MATERIAL (i.e., CONFIDENTIAL INFORMATION and/or CONFIDENTIAL DOCUMENTS) is subject to the provisions of this Protective Order and shall be used by the Party to whom the information is produced solely for the purpose of this case. PROTECTED MATERIAL shall not be used for any other purpose.

4. <u>DURATION</u>

Even after FINAL DISPOSITION of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Parties otherwise agree in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. By designating a document or testimony as "CONFIDENTIAL" under the terms of this Protective Order, the Party making the designation is certifying that there is a good faith basis in law and fact

for making that designation. This Protective Order shall be without prejudice to the right of the Designating Party to bring before the court the question of whether any particular document or information is confidential or whether or not its use should be restricted.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., sections 5.2(a) and 5.4 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated at or before the time where the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

a.   <u>for information in documentary form</u>, if a Party claims that a writing it is producing is a CONFIDENTIAL DOCUMENT or contains CONFIDENTIAL INFORMATION, and is therefore subject to the terms and provisions of this Protective Order, that Party shall identify the document by stamping it "CONFIDENTIAL" before it is produced to the other Party. Where a document consists of more than one page, the first page and each page on which confidential information appears shall be so designated. With respect to confidential information provided on electronic media, the documents or discovery responses so provided may be designated by including on the electronic media a label or marking with the word "CONFIDENTIAL." With respect to CONFIDENTIAL INFORMATION contained in response to written discovery the Designating Party shall indicate it as containing such by so indicating in said responses.

If a Party claims that a document or discovery material produced by a non-party is a CONFIDENTIAL DOCUMENT or contains CONFIDENTIAL INFORMATION, and is therefore subject to the terms and provisions of this Protective Order, that Party shall provide written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after such documents or discovery materials are produced – and such written notice shall function as a confidential designation. Any Party or non-party may voluntarily disclose to others without restriction any information designated by that Party or non-party as PROTECTED MATERIAL, although a document may lose its confidential status if it is made public. If a Party produces materials designated as CONFIDENTIAL in compliance with this Protective Order, that production shall be deemed to have been made consistent with any confidentiality or privacy

requirements mandated by local, state, or federal laws.

b. <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony containing CONFIDENTIAL INFORMATION.  Further, Either Party's attorney shall have the right to exclude from oral depositions any person, other than the deponent and the reporter, who is not authorized by or under this Protective Order to receive or view the CONFIDENTIAL DOCUMENTS and/or the CONFIDENTIAL INFORMATION.  However, such right of exclusion shall be applicable only during periods of examination or testimony directed to or referring to the CONFIDENTIAL DOCUMENTS and/or the CONFIDENTIAL INFORMATION.  Any court reporter who transcribes testimony in this Action at a deposition shall agree, before transcribing such testimony, that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter, or be delivered to attorneys of record, or filed under seal with the Court.

5.3     <u>Erroneous/Improper Designation Contention</u>.  If a Party contends that any document had been erroneously or improperly designated "CONFIDENTIAL," it shall nevertheless treat the document as a CONFIDENTIAL DOCUMENT, and as a document that contains CONFIDENTIAL INFORMATION, until either (a) that Party obtains from the Designating Party written permission to do otherwise; (b) the Party who claims that the material is PROTECTED MATERIAL fails to apply to the Court for an order designating the material confidential within the time period specified in Section 10.2(a). below, after receipt of a written challenge notice to such designation; or (c) this Court enters an order stating that the document shall not be treated as CONFIDENTIAL and/or containing CONFIDENTIAL INFORMATION.

5.4     <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive a Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Party receiving the documents, testimony or other tangible item designated CONFIDENTIAL

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

5.5   <u>Withdrawing Mistaken Designation</u>.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.6   <u>Retention of Confidential Status</u>.  Notwithstanding any challenge to the designation of material as CONFIDENTIAL, all documents so marked shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a.   the Party who claims that the material is PROTECTED MATERIAL withdraws such designation in writing;

b.   the Party who claims that the material is PROTECTED MATERIAL fails to apply to the Court for an order designating the material confidential within the time period specified in Section 9 below, after receipt of a written challenge notice to such designation; or

c.   the Court rules the material is not PROTECTED MATERIAL.

6.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6.1   <u>Basic Principles</u>. Unless otherwise ordered by the Court obtained upon notice to opposing counsel, or permitted in writing by the Party producing the CONFIDENTIAL DOCUMENTS, CONFIDENTIAL DOCUMENTS and the CONFIDENTIAL INFORMATION contained therein shall only be shown, given, communicated and/or made available to "Qualified Persons" as defined herein.

Upon production, PROTECTED MATERIAL must be stored and maintained by Receiving Party and Receiving Party's counsel at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Protective Order.

6.2   <u>Qualified Persons</u>. Such Qualified Persons are defined as:

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic PROTECTED MATERIAL in password-protected form.

     a. Any Party;

     b. Any officer, director, or employee of Defendant, to the extent deemed reasonably necessary by Defendant's counsel to aid in the prosecution, defense, or settlement of this Action;

     c. Counsel for the respective Parties to this litigation, including attorneys, partners, associate attorneys, of counsel, in-house counsel and co-counsel retained for this litigation, paralegals, and stenographic and clerical employees employed by or assisting such counsel to the extent deemed necessary by counsel for the prosecution or defense of this Action;

     d. Retained experts or paid consultants and their staff that have been retained to assist in the prosecution or defense of the instant matter, or analyzing the facts of this matter, but only after execution of Exhibit "A" hereto by that person;

     e. Any person who authored or previously received the CONFIDENTIAL DOCUMENT(S) or CONFIDENTIAL INFORMATION contained therein;

     f. Court reporters and other persons involved in recording deposition testimony in this Action by any means to whom disclosure is reasonably necessary for this litigation, but only after execution of Exhibit "A" hereto by that person;

     g. Any mediators engaged by the Parties to assist in resolving this litigation, but only after execution of Exhibit "A" hereto by that person;

     h. The personnel of the United States District Court for the Eastern District of California in their official roles; and

     i. Any other person to whom the producing Party agrees to in writing, but only after execution of Exhibit "A" hereto by that person.

     6.3   <u>Disclosure to Qualified Persons</u>.  Such Qualified Persons to whom the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION are given, shown, communicated, or made available shall not reveal, discuss, disclose or copy, and shall be ordered not to reveal, discuss, disclose or copy, the documents or information to anyone.  Where a Qualified Person executes Exhibit "A," Exhibit "A" shall be retained by counsel to the Party so disclosing the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

PROTECTED MATERIAL and made available for inspection by opposing counsel during the pendency or after the termination of the Action only upon good cause shown or upon order of the Court.

7. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL/DISCOVERY OF UNAUTHORIZED DISCLOSURE OR USE OF PROTECTED MATERIAL**

   7.1  <u>Inadvertent Disclosure</u>.  Should these CONFIDENTIAL DOCUMENTS and/or this CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then the Parties hereby agree to use their best efforts to bind such person to the terms of this Protective Order and that such person:

   a. Shall be informed promptly of all the provisions of this Protective Order by the receiving Party;

   b. Shall be identified immediately, via written notice, to the other Party's attorney; and

   c. Shall be required to execute Exhibit "A" hereto.

   7.2  <u>Learning of Inadvertent Disclosure(s)</u>.  If a Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute Exhibit "A" attached hereto.

   7.3  <u>Actual Knowledge of Unauthorized Use</u>. If a Party has actual knowledge that PROTECTED MATERIAL is being used or is possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the Party whose material is being used or possessed.  No party shall have an affirmative obligation to inform

itself regarding such possible use or possession

8. <u>FILING DOCUMENTS FOR USE IN DISCOVERY MOTIONS OR TRIAL</u>

a. Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any CONFIDENTIAL INFORMATION, provided that reasonable notice of the intended use of such material shall be given to all counsel of record, the Parties arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed.  Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability, or admissibility.

b. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any PROTECTED MATERIAL. A Party that seeks to file under seal any PROTECTED MATERIAL must comply with appropriate Local Rules, Court Rules and/or applicable rules of Civil Procedure.  The submission of any materials designated as "CONFIDENTIAL" pursuant to this Protective Order to the Court in the Litigation must comply with Federal Rules of Civil Procedure Rule 5.2 to the extent applicable.

i. If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no Court order is required to seal the materials. Federal Rule of Civil Procedure Rule 5.2(b).)  However, all documents and chamber copies containing PROTECTED MATERIAL which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers, per Local Rules and or the Court's orders.  On the outside of the envelopes, a copy of the first page of the document shall be attached.  If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy.  The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the
> Court, contains Confidential Information and is not
> to be opened or the contents revealed, except by

Order of the Court or agreement by the Parties."

ii. If the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a Court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in Federal Rule of Civil Procedure Rule 5.2. A party that files with the Court, or seeks to use at trial, materials designated as CONFIDENTIAL by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

(1) At least ten (10) business days prior to the filing or use of the PROTECTED MATERIAL, the Submitting Party shall give written notice to any Party that designated the materials as CONFIDENTIAL pursuant to this Protective Order, of the Submitting Party's intention to file or use the PROTECTED MATERIAL, including specific identification of the PROTECTED MATERIAL. Any affected Party may then file a motion to seal, pursuant to the Federal Rules of Civil Procedure, Local Rules and Court order; or

(2) At the time of filing or desiring to use the PROTECTED MATERIAL, the Submitting Party shall submit the materials pursuant to the lodging-under-seal provision of Federal Rules of Civil Procedure, Local Rules and Court order. Any affected party may then file a motion to seal, pursuant to the Federal Rules of Civil Procedure, Local Rules and Court order, within ten (10) business days after such lodging. Documents lodged shall bear a legend stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the filing of a motion to seal.

c. If either Party seeks to file PROTECTED MATERIAL or disclose the contents of CONFIDENTIAL DOCUMENTS designated as such by the opposing Party as a basis for adjudication other than discovery motions or proceedings, the filing Party must meet and confer with the designating Party at least 10 calendar days prior to the intended filing date to offer the designating Party the opportunity to evaluate whether the designated materials fall within the parameters of the Federal Rules of Civil Procedure, the Local Rules, or a Court order, and to either (i) remove the Confidential designation, or (ii) prepare a motion or application pursuant to the

Federal Rules of Civil Procedure, the Local Rules, or any Court order.

d. The Parties understand that failure to comply with the procedural requirements of Federal Rules of Civil Procedure, the Local Rules, or a Court order, may result in the placement of PROTECTED MATERIAL in the public file. The Parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Protective Order.

9. <u>CONFIDENTIAL DOCUMENTS AND/OR CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

9.1 <u>Duties When Served With a Subpoena or Order</u>. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

    a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION may be affected.

9.2 <u>Protective Order for Designating Party</u>. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

If a Party contends that any material is not entitled to confidential treatment, a Party may

challenge the designation of a document or other material as "CONFIDENTIAL" or containing "CONFIDENTIAL INFORMATION" only as follows:

    10.1    <u>Timing of Challenges and Meet and Confer</u>.  If a Party believes that material designated by another as "CONFIDENTIAL" has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Protective Order, that Party (the "Challenging Party") shall provide to the Designating Party written notice of that disagreement, stating the reason(s) for the challenge, within 60 days of the document or information's designation.  During the 60-day period following service of the written challenge, Counsel shall meet and confer in good faith, and shall try to dispose of such challenge on an informal basis.

    10.2    <u>Judicial Intervention Related to Designations</u>.  The following is the procedure for judicial intervention:

    a.    If neither the designation nor the objection is withdrawn during this 20-day meet and confer period, the Designating Party shall have ten (10) days from the receipt of the written challenge notice to apply to the Court for an order designating the material as "CONFIDENTIAL." The Designating Party bears the burden of establishing that the material is entitled to protection as a CONFIDENTIAL DOCUMENT and/or a document containing CONFIDENTIAL INFORMATION.  Any material that is designated as "CONFIDENTIAL," that is the subject of a challenge, shall remain subject to this Protective Order and be held as CONFIDENTIAL and/or containing CONFIDENTIAL INFORMATION until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired.

    b.    All documents filed with the Court that contain information or documents designated as "CONFIDENTIAL" and subject to challenge shall be filed under seal pursuant to the Federal Rules of Civil Procedure, and, if applicable, the Local Rules for the United States District Court for the Eastern District of California and the Standing Orders of the Court.

c.  All CONFIDENTIAL DOCUMENTS or CONFIDENTIAL INFORMATION lodged with the Court in support of such a motion shall be submitted in accordance with the requirements of the applicable local rules, statutes, and/or orders.

d.  Court proceedings or filings involving CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION shall follow Federal Rules of Civil Procedure, the Local Rules and any Court orders.

11. FINAL DISPOSITION

Within 60 days after the FINAL DISPOSITION of this Action, each Party to whom CONFIDENTIAL DOCUMENTS have been produced must destroy or give to the Producing Party all CONFIDENTIAL DOCUMENTS (including copies) it received as well as all abstracts, compilations, summaries, and any other format reproduction or capture of any CONFIDENTIAL DOCUMENT or CONFIDENTIAL INFORMATION.  Notwithstanding this provision, the attorneys for any Party are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; documents produced in discovery; and consultant and expert work product, even if such materials contain CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION, provided that such material be maintained by said attorneys in a manner designed to preserve its confidentiality.  Any such archival copies that contain or constitute CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL INFORMATION remain subject to this Protective Order as set forth in the preceding paragraph.  After FINAL DISPOSITION of this Action, this Court will retain jurisdiction to enforce the terms if this Protective Order.

///
///
///
///
///
///

12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order shall be construed or interpreted as a waiver of any rights or privileges, and voluntary production of any documents in this proceeding shall not constitute a waiver of any privacy rights or privileges which may be applicable.

12.2 <u>Counterparts</u>. This Protective Order may be signed in counterparts.

IT IS SO STIPULATED

DATED: March 7, 2022                WOOD, SMITH, HENNING & BERMAN LLP

By: _____
ALICIA R. KENNON
KRISTIN A. SMITH
Attorneys for Defendant, LIBERTY IT SOLUTIONS LLC

DATED: March 7, 2022                RUGGLES LAW FIRM

By: _____
MATTHEW RUGGLES
Attorneys for Plaintiff, KERI KUBOKAWA VOGTMANN

**ORDER**

The court has reviewed the parties' stipulated protective order. (<u>See</u> ECF No. 19). The stipulation lists categories of information sought to be protected, and otherwise comports with the relevant authorities and the court's applicable local rule. <u>See</u> L.R. 141.1(c);[2] <u>see also</u> <u>Phillips ex</u>

---

[2] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

1 rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a showing of good cause for protective orders).  The court APPROVES IN PART the protective order, subject to the following clarification.  The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Thus, the court will not retain jurisdiction over this protective order once the case is closed, and rejects the portion of par. 11 related thereto.

Dated:  March 25, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vogt.1912

---

(3)  A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

# EXHIBIT A

# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

1. I hereby acknowledge that I, _____, am about to receive PROTECTED MATERIAL supplied in connection with the case of *Keri Kubakawa Vogtmann v. Liberty IT Solutions LLC, et. al.*, United States District Court for the Eastern District of California case number 2:21-CV-01912-TLN-KJN ("Proceeding"). I certify that I understand that the PROTECTED MATERIAL provided to me is subject to the terms and restrictions of the Stipulation and Protective Order ("Stipulation" or "Order") filed in this Proceeding. I have been given a copy of the Order; I have read it; and I agree to be bound by its terms, including not disclosing in any manner, any information or item that is subject to Stipulation and Protective Order, except in compliance with said Order.

I understand that PROTECTED MATERIAL, as defined in the Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes of this Proceeding, any PROTECTED MATERIAL obtained pursuant to this Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all PROTECTED MATERIAL provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such PROTECTED MATERIAL will be returned to counsel who provided me with such PROTECTED MATERIAL.

I understand that if I violate the Order, my violation is punishable by contempt of Court, and/or a claim for damages, and I hereby agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms and restrictions of the Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____        Printed Name: _____

1  Signature: _____

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

23863121.1:11438-0098    -17-    Case No. 2:21-CV-01912-TLN-KJN
STIPULATION AND PROTECTIVE ORDER FOR PROTECTION OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL INFORMATION