Alicia R. Kennon (State Bar No. 240569)
Kristin A. Smith (State Bar No. 242643)
**WOOD, SMITH, HENNING & BERMAN LLP**
1401 Willow Pass Road, Suite 700
Concord, California 94520-7982
Phone: 925 222 3400 ♦ Fax: 925 356 8250

Attorneys for Defendants LIBERTY IT SOLUTIONS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KERI KUBOKAWA VOGTMANN,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY IT SOLUTIONS, LLC.;<br>INSPERITY PEO SERVICES, L.P.; and<br>DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-CV-01912-TLN-KJN<br><br>**STIPULATION AND ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**<br><br>The Hon. Kendall J. Newman<br><br>Action Filed:   October 13, 2021<br><br>Trial Date:   None Set |

Having met and conferred on issues concerning the format of and conditions under which documents and electronically stored information ("ESI") are to be produced in this case, Plaintiff Keri Kubokawa Vogtmann ("Plaintiff") and Defendant Liberty IT Solutions LLC ("Defendant") (collectively, the Parties"), through their respective counsel, hereby enter into the following Stipulation:

## GENERAL PROVISIONS

1. The provisions set forth herein apply to the production of all documents, regardless of which party is seeking or producing the documents.

2. Consistent with the Federal Rules of Civil Procedure and the California Code of Civil Procedure, unless negotiated otherwise, the Parties shall produce all relevant, responsive, non-objectionable, and non-privileged ESI in the manner set forth in this Stipulation.

3.	Nothing in this Stipulation shall be interpreted to require disclosure of information protected by and/or subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity or objection.  The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents.  All productions are subject to any and all Protective Orders entered by the Court in this Action.

4.	Notwithstanding this Stipulation, the Parties may separately agree to deviate from the protocols set forth herein as to specific documents or categories of documents provided that such agreement is memorialized in writing.

5.	The Parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation.  If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation or if compliance with such material aspect would be unreasonable, then within a reasonable time before the date of production, such producing party shall inform the requesting party in writing as to why compliance with the Stipulation is impossible or unreasonable.  No party may seek relief from the Court concerning compliance with this Stipulation unless it has first made good faith efforts to confer with all other affected Parties.

6.	Nothing in this ESI Protocol shall affect, in any way, a producing party's right to seek reimbursement for costs associated with collection, review, and/or production of documents.

7.	If any document, information, or ESI is redacted or withheld pursuant to a claim of privilege, the party claiming the privilege shall produce a privilege log identifying : (1) the name(s) of the document's author(s) or originator(s); (2) (the name(s) of the document's addressee(s); (3) the document's date; (4) a description of the document's subject matter, where these fields are available from the document metadata. In addition, they shall state the privilege invoked and the document's current location.  For items redacted or withheld under a claim of privilege, the redacting or withholding party must still provide a placeholder sheet in the production identifying the item.

## DEFINITIONS

For the purpose of this Stipulation, the following definitions apply, unless a contrary use or limitation on a defined term is specified:

8. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by the user of such system.

9. "Native File(s)" or "Native Format" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified.

10. "Image File(s)" mean a representation of ESI produced by (i) converting a Native File into a standard image format capable of being viewed and printed on standard computer systems; or (ii) for documents that the producing party ordinarily maintains in hard copy form, scanning a hard copy file into a standard image file capable of being viewed and printed on standard computer systems.

11. "PDF" refers to Portable Document Format file type.

12. "OCR" means Optical Character Recognition, and is the machine recognition of printed characters from Image Files or other non-searchable text contained in a document into machine-encoded text so that the text can be indexed and searched for specific characters, words or phrases.

13. "Relativity" means Relativity document management software produced by kCura.

14. "TIFF" refers to Tagged Image File Format file type.

15. "Extracted" text means the electronic extraction of a Native File's content that can be indexed and searched without OCR.

16. A "load file" is a file containing commands or information necessary to import coded, captured or Extracted data from ESI processing into a document management database, such as Relativity, and that defines the links between multiple records or document images.

**PRODUCTION OF HARD-COPY DOCUMENTS IN ELECTRONIC FORMAT**

17. Documents should be produced in searchable single-page TIFF images or in PDF format, except PowerPoint and Excel files, which may be produced as Native Files, as indicated below, e-mail files which may be produced as Image Files with extracted metadata, and timekeeping records which the Parties agree to meet and confer on, regarding appropriate file production format.

Each TIFF image should be named as its corresponding starting Bates number. Original document orientation should be maintained (*i.e.,* portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image/PDF format so that they appear when the document is printed, and without obscuring the document contents. Files should be provided in a self-identified "Images" folder or as PDFs.

18. **Parent-Child Relationships.** Parent-child relationships (association between an attachment and its parent document) shall be preserved. The attachment(s) shall be produced adjacent to the parent document, in terms of Bates number, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment, unless otherwise agreed upon based on review and production criteria concerning email threading.

19. **Database Load Files.** Documents should be provided as detailed in paragraph 17 and paragraph 24. However, Database Load Files, if any, shall be provided with Relativity-compatible image load files and data load files (*i.e.* .OPT and .DAT files) using the "double pipe" "||" or other standard delimiter, to the extent that format is viewable by the party receiving the files. Relativity-compatible image and data load files should be provided in a self-identified "Data" folder. Documents should also be produced with a text load file (.1stR or text path in the .DAT file). Attached as Exhibit A is a document containing additional information regarding the production specifications.

20. **Metadata and Coding Fields.** To the extent any party chooses to objectively code hard copy documents they will inform the other party of the coding fields created and produce such coding along with the document.

21. **Bates Numbering.** Each page produced should be assigned a Bates number that: (1) is unique across the entire document production; (2) maintains a constant length across the entire production (*i.e.,* "padded" with leading zeroes to the same number of characters); (3) contains no special characters or embedded spaces; and (4) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

///

## SEARCH TERMS FOR ELECTRONIC DOCUMENTS

22. The Parties agree that they will cooperate in good faith regarding the disclosure of any reasonable sampling methodology, search terms, and any TAR/predictive coding applied prior to using any such technology to narrow the pool of collected documents to a set to undergo review for possible production. The Parties agree to meet and confer as early as possible, to discuss, *inter alia*:

- Sampling methodology(ies) to be utilized (including but not limited to sampling methodology used to evaluate Boolean searches and technology assisted review/predictive coding);
- Disclosure and selection of all search terms, including foreign language (e.g., Japanese) and search terms based upon actual terminology used in the producing party's documents; and
- Search protocol.

The Parties will continue to meet and confer regarding any of the aforementioned as necessary and appropriate. Nothing in this protocol, or the subsequent designation of any search terms, shall operate to limit or expand a party's production obligations under applicable law, limit the ability to agree to meet and confer to modify the search terms, criteria, or methodologies as information is obtained and utilized in the course of the litigation, or limit a party's ability to use, or refrain from using, search methodologies if no agreement can be reached after meeting and conferring in good faith.

23. This ESI protocol does not address or resolve any other objection to the scope of the Parties' respective discovery requests.

## PRODUCTION OF ESI

24. **General Production Formats.** ESI will be produced in native format with Metadata intact, except where otherwise agreed (such as timekeeping records), where impracticable (e.g., because of redactions), or where the party produces the ESI in a PDF format. ESI which is impracticable to produce in native format may be produced either as single-page TIFF images, with accompanying metadata and extracted text/OCR text, A "NativePath" entry for each file produced in Native Format should be included in the .DAT load file indicating the relative file path to

each native file on the production media or as a PDF. As described herein, where native file production is required, native files shall be produced with extracted text, available metadata fields as set forth in Exhibit A, and a corresponding Bates numbered slip sheet indicating that the file has been produced natively. A party may, and in lieu of producing the ESI in native format, elect to produce the file contents as a PDF or in TIFF format where the file contents can be clearly displayed in single or multi-page TIFF format, such as Word documents, photographs, or emails.

25. **Metadata Fields and Processing.** Absent special circumstances, each of the metadata and coding fields set forth in Exhibit A that can be extracted from a document shall be produced for that document, to the extent already in existence and reasonably accessible. To the extent that metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any party to extract, capture, collect, or produce such data. The Parties are not obligated to populate manually any of the fields in Exhibit A if such fields cannot be extracted from a document.

26. **Extracted Text Files.** For each document, an extracted text file should be provided along with its corresponding TIFF file(s) and metadata. The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .txt. File names should not contain any special characters or embedded spaces. The text of native files should be extracted directly from the native file. However, if a document has been redacted, OCR of the redacted document will suffice in lieu of extracted text.

27. **Timekeeping Databases & Records (e.g., Kronos).** Timekeeping records, including any audit data logs, will be produced in Comma Separated Value (.CSV) format, a PDF file, or any other format as agreed to by the Parties.

28. **Structured Data.** The Parties will meet and confer regarding appropriate file production format.

29. **Multimedia Files.** Multimedia files (e.g. .MOV files, .MPG files) and other file types that inherently cannot be printed or imaged shall be produced in native format.

30. **Color.** Documents or records containing color (for example, graphs, pictures, or color marketing materials) will be produced as color images for each such document or record, to the extent possible. Documents or records containing color only in logos, signatures, watermarks, or letterhead need not be produced as color images. However, the receiving party may request production of such documents in color by providing a list of the Bates numbers of documents it requests to be produced in color format. The producing party shall not unreasonably deny such requests, but need not make such production until the Parties reach agreement regarding the additional costs associated with the production of documents in color.

31. **Duplicates.** To the extent possible, each party shall remove exact duplicate documents (*i.e.*, identical copies of the same document), including without limitation duplicate e-mail, to reduce unnecessary cost of reviewing and producing exact duplicate documents. However, the identity of other custodians of de-duplicated items must be listed in the "Custodian" field (or otherwise provided in the delimited .DAT text file) of the copy of the record that is produced or in an "All Custodians" field identifying each custodian to the email. If productions are made on a rolling basis an overlay file shall be produced updating the "All Custodians" field for prior produced documents.

32. **Threading/Near De-Duplication.** Each party may also de-duplicate e-mails in such a way as to eliminate earlier or incomplete chains of e-mails, and produce only the most complete iteration of an e-mail chain. The Parties agree to meet and confer regarding this application as well as the use of other de-duplication methods.

33. **Non-Degradation.** Documents shall not be converted from one form to another such that it becomes more difficult or burdensome to use the document or that removes or degrades the ability to search by electronic means documents that were originally searchable, with the exception of conversions to PDF.

34. **Documents That Cannot Be Imaged.** To the extent that a document cannot be imaged for technical reasons, a place-holder image will be produced which identifies the file by file name, file extension, date created, date last modified, custodian and location. The Metadata for these documents will be produced as otherwise required by this Stipulation. Examples of such files include, but are not limited to, corrupted files, digital-rights management, images of container files

or databases (e.g., .pst, .zip, .mdb, etc.), or proprietary software associated with a file. Where applicable, archive/container files (e.g.: .zip, .rar, etc.) must be "unpacked" prior to search and production. Each file contained within an archive file shall be produced, and the reference to the parent archive file will be provided in the child file name. If the archive file is itself an attachment, that parent/child relationship shall also be preserved.

35. **Password-protected and Encrypted Files.** Reasonable efforts must be made by the producing party prior to retrieve passwords and unprotect password-protected or encrypted files prior to gathering ESI for production. To the extent that the producing party employs keywords to identify the responsive set for review, passwords should be removed prior to performing keyword searches. In the event that retrieving a password or unprotecting a document is deemed overly burdensome, a place-holder image will be produced which identifies the file by file name, file extension, date created, date last modified, custodian and location. The Metadata for these documents will be produced as otherwise required by this Stipulation.

36. **Inaccessible ESI.** To the extent that a party is aware of but declines to search for or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, the party shall promptly identify such ESI by category or source and provide information concerning the burden or cost claimed to be associated with the search or production of such ESI.

37. **Encryption.** To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing party. In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

38. **Processing Third-Party Documents.** A party that issues a non-party subpoena ("Issuing Party") may include a copy of this ESI Protocol with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein.

39. **Request for Native Files.** Where the Producing party has appropriately provided ESI only in TIFF image format, and the Receiving party reasonably believes that the original native version of the file is necessary to obtain discoverable information, the Receiving party may request a native copy of the original file from the Producing party by: (1) identifying the corresponding Bates numbers of the file(s) sought, and (2) the nature of the discoverable information sought for

1  which the native production is necessary.  The Producing party shall consider all such requests

2  within a reasonable time after the request is made.  If the request would result in *any* additional cost

3  to the Producing party, the Parties will meet and confer to discuss appropriate allocation of costs for

4  the production.  Should the Parties not be able to agree in the meet and confer process, the Producing

5  party will not be obligated to produce already produced information in native format.

         IT IS SO STIPULATED

DATED:  March 7, 2022                    RUGGLES LAW FIRM


                                         By: _____
                                              MATTHEW RUGGLES
                                         Attorney for Plaintiff, KERU KUBOKAWA
                                         VOGTMANN


DATED:  March 7, 2022                    WOOD, SMITH, HENNING & BERMAN LLP


                                         By: _____
                                              ALICIA R. KENNON
                                              KRISTIN A. SMITH
                                         Attorneys for Defendant, LIBERTY IT SOLUTIONS
                                         LLC

                                    **ORDER**

The Court recognizes this Stipulation and Protocol For Production Of Documents And Electronically Stored Information.

Dated: March 25, 2022

                                         _____
                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

vogt.1912

# EXHIBIT A
## Document Production Specifications

**Custodians:**
Where a party proposes to use search terms in order to narrow the scope of ESI to be reviewed in response to a requesting party's discovery requests, each such producing party agrees to disclose the custodians whose ESI it proposes to search, and the parties agree to confer in good faith regarding the number and identity of the custodians whose files a producing party shall search. Neither party is required to conduct ESI keyword searches as set forth in the ESI Protocol or this Exhibit A if such party determines in good faith that it can locate all responsive documents without utilizing key word searches or other electronic methods designed to reduce the amount of documents to be reviewed.

**Production Formats:**
**Native file format:**
If a file is produced in Native file format, where possible, the files will have the production number as the filename. A relative path to the native file on the production deliverable will be included in the data load file. Extracted Text and OCR shall be provided as document level text files. A relative path to the text file on the production deliverable will be included in the data load file.

**Data Load File Format:**
The default formats should be a delimited load file (.DAT), to the extent needed, and to the extent that format is viewable by the party receiving the files. The associated documents should be provided as detailed in paragraphs 17, 19 and 24 of the Parties' STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION.

**Image Load File Format:**
The default format should be either a comma-delimited Opticon (.OPT) or IPRO (LFP) load file, to the extent needed, and to the extent that format is viewable by the party receiving the files. The associated documents should be provided as detailed in paragraphs 17, 19 and 24 of the Parties' STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION.

**De-duplication:**
For e-mail messages, the parties may consolidate duplicates based on hash values to be agreed to by the Parties, in consultation with their e-discovery vendors.

The Parties are obligated to provide the following metadata for all ESI produced, to the extent such metadata exists. With the exception of PROTECTIVE_ORD, REDACTED, and REDACT_TYPE, no party is required to create any metadata for ESI that does not exist for that ESI at the time of collection.

///

///

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

23890564.1:11438-0098        -10-        Case No. 2:21-CV-01912-TLN-KJN
STIPULATION AND [PROPOSED] ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**Metadata Production Fields:**

| Field Name | Description |
| --- | --- |
| PROD_VOLUME | Number of the Production Volume in which the file appears |
| BEGDOC | Beginning bates value assigned to first page of a document |
| ENDDOC | Ending bates value assigned to last page of a document |
| BEGATTACH | Beginning bates value assigned to first page of the first document in a family group |
| ENDATTACH | Ending bates value assigned to last page of the last document in a family group |
| PAGES | Number of pages in the document (if PDFs generated) |
| DOCTYPE | Type of document (i.e. MS Word 2007, MS Excel 2003, etc.) |
| MESSAGEID | E-mail message ID generated by Microsoft Outlook or Lotus Notes |
| SENTDATE | Date E-mail sent (YYYYMMDD format) in UTC |
| SENTTIME | Time E-mail sent (HH:MM:SS format) in UTC |
| RECEIVEDATE | Date of E-Mail receipt (YYYYMMDD format) in UTC |
| RECEIVETIME | Time of E-Mail receipt (HH:MM:SS format) in UTC |
| CREATEDATE | Creation date for E-Doc (YYYYMMDD format) in UTC |
| CREATETIME | Creation time for E-Doc (HH:MM:SS format) in UTC |
| MODIFYDATE | Last modification date for E-Doc (YYYYMMDD format) in UTC |
| MODIFYTIME | Last modification time for E-Doc (HH:MM:SS format) in UTC |
| AUTHOR_DOC | Author of non-email documents |
| Email_AUTHOR | Author of E-Mail message |
| Email_RECIPIENT | Recipient(s) of E-Mail message |
| Email_CC | CC of E-Mail message |
| Email_BCC | BCC of E-Mail message |
| EMAIL_HEADER | Complete header information from email |
| SUBJECT | Combination of "SUBJECT" for e-mails and "TITLE" for E-Docs. |
| FILENAME | Original name of the file (without folder path) |
| FILESIZE | Size in bytes of the file |
| ORIGINAL FILE | Original folder path/directory structure from source media  (For |
| TRACK CHANGES | Yes/No field |
| MD5HASH | Hash value of the original electronic file |
| CUSTODIAN | Source custodian of the file |
| GROUPCUSTODIAN | Name of all custodians of a document to include any documents de- |
| CONFIDENTIALITY | Identifies whether a document is designated as "Confidential" or |
| NATIVEPATH | Relative path to Native document in production deliverable. |
| EXTRACTED TEXT | Relative path to extracted text file in production deliverable. |
| DATE_LAST_ACCES | The last date the file was accessed. |

| | |
|---|---|
| DATE_LAST_PRINT | The last date the file was printed. |
| PROTECTIVE_ORD | Flag as Yes or No whether document is subject to protective order |
| REDACTED | Flag as Yes or No whether the document contains redactions. |
| REDACT_TYPE | Basis for redaction, such as privilege, work product, etc. |
| RECORDTYPE | |
| INTMSGID | Internal message identification string. |
| EMAIL_IMPORTANT | Flag as Yes or No whether email was flagged as important |
| REPLACEMENT | |
| LANGUAGE | Language in which the document was originally created. |
| APPLICATIONNAME | Name of application that created file. |
| DELIVRECEIPT | Flag as Yes or No whether email contained request for delivery |
| ERRORMSG | |
| FILEDESCRIPTION | |
| HASTRACKCHANGE | Flag as Yes or No whether document has edits embedded via Track |
| HIDDENTEXT | Flag as Yes or No whether document has hidden text |
| ORIGEXT | |
| REVISION | The revision number of the document. |
| DOCUMENT_TITLE | The title of the document, if any. |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250